[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-10561

————————————————

SUSAN LYNNE ROHE

Plaintiff-Appellant,

*versus*

WELLS FARGO BANK, NA,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-23805-RNS

————————————————

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

For nearly a decade, across state and federal courts, Susan Rohe has fought the foreclosure of her home by Wells Fargo. After Wells Fargo initiated foreclosure proceedings and prevailed in a Florida court, Rohe filed a bankruptcy petition in federal court and objected to Wells Fargo's claims as a creditor on the same grounds that she had raised in state court. Rohe also attempted to remove her appeal of the state judgment to federal court and to stay the ongoing state proceedings. These efforts failed. The bankruptcy court denied Rohe's removal motion, lifted the stay of state proceedings, and concluded that Wells Fargo had a valid claim. Soon after, a Florida court dismissed her appeal.

Rohe appealed the bankruptcy court's orders to the district court, which granted Wells Fargo's motion to dismiss. On appeal to this Court, Rohe challenges the bankruptcy court's procedural rulings and the legitimacy of Wells Fargo's proof of claim. Rohe's procedural objections lack merit, and because the state court ruled that Wells Fargo is entitled to a judgment of foreclosure, Rohe's challenge to Wells Fargo's proof of claim is barred by res judicata. We affirm.

## I. BACKGROUND

In 2005, Susan Rohe and her husband purchased a home with a mortgage of $448,000. When the Rohes stopped making payments on the mortgage in 2012, the assignee of the mortgage, Wells Fargo, instituted foreclosure proceedings in a Florida court. In 2018, the state court found that Wells Fargo had authenticated its assignment of the promissory note that secured the mortgage and that the Rohes had defaulted on the mortgage. The state court entered judgment in favor of Wells Fargo. The Rohes appealed to the Florida Third District Court of Appeals.

While the state-court appeal was pending, Susan Rohe filed a bankruptcy petition in federal court. Rohe moved to stay the state court litigation based on the commencement of the bankruptcy proceeding. *See* 11 U.S.C. § 362(a). But the state court denied her motion. Soon after, the bankruptcy court formally lifted the stay.

Rohe then filed a flurry of motions and adversary complaints in bankruptcy court to try to delay the sale of her home. Rohe challenged Wells Fargo's proof of claim over the property; moved the bankruptcy court to reconsider its order lifting the stay and allowing the sale of her property; and filed a notice of a purported removal of the state court appeal to federal court. The bankruptcy court rejected these motions and dismissed Rohe's new complaints.

The Florida appeals court then affirmed the foreclosure judgment, and the trial court set a date for the foreclosure sale.

Wells Fargo also sought relief from the bankruptcy court to proceed with the sale of the property, which the bankruptcy court granted. Rohe appealed the bankruptcy court's dismissal of her motions and adversary complaints to the district court. Rohe simultaneously commenced a collateral action under the All Writs Act, *see* 28 U.S.C. § 1651, which was dismissed by the district court and affirmed on appeal by this Court. *See Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256 (11th Cir. 2021).

The district court granted Wells Fargo's motion to dismiss Rohe's appeal. The court found that Rohe had improperly split related claims between the bankruptcy action and her All Writs petition. As to the remaining claims, the district court found they were barred under the doctrine of issue preclusion because the underlying bases of Rohe's challenges had been adjudicated in state court.

## II. STANDARDS OF REVIEW

Two standards govern our review. We review the bankruptcy court's factual findings for clear error. *In re Brown*, 746 F.3d 1236, 1239 (11th Cir. 2014). And we review the bankruptcy court and district court's legal conclusions *de novo*. *Id.* We may affirm on any ground supported by the record. *In re Feshbach*, 974 F.3d 1320, 1328 (11th Cir. 2020).

## III. DISCUSSION

We divide our discussion into three parts. First, we explain that Rohe's purported removal of the Florida court action was a nullity that the state court correctly treated as ineffective. Second,

21-10561                Opinion of the Court                5

we explain that Rohe's claims against Wells Fargo are barred by res judicata based on the state foreclosure judgment. Third, we explain that no violation of the automatic stay provision occurred.

*A. Rohe's Removal of the State-Court Action Was a Nullity.*

Rohe argues that the Florida appellate court erred in ignoring her "notice of removal" of the proceedings to federal bankruptcy court. Rohe contends that various filings by Wells Fargo and orders by the state appellate and trial courts were void because they were entered after the purported removal. We conclude the state court proceedings were valid because the purported removal was ineffective.

Before removing an action to federal court, the defendant must comply with certain procedural requirements. A defendant "desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C. § 1446(a). After a valid removal has occurred, the state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." *Id.* § 1446(d). So, before the state court stays its proceedings, there must be a valid removal. And for removal to be valid, there must be a "pending" state action to remove. *See also id.* § 1452(a) (providing that in bankruptcy cases, "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is *pending*") (emphasis added).

In this case, there was no pending civil action to be removed under section 1446(a). By the time Rohe filed her notice of removal, the state trial court had already issued its judgment in favor of Wells Fargo. The underlying case was no longer awaiting decision, so there was no "claim" or "action . . . pending" that could be removed. *See id.* §§ 1446(a), 1452(a). When Rohe filed her notice of removal, she had already appealed to Florida's Third District Court of Appeals. The state trial court litigation had ended.

The state-court appeal could not qualify as a "pending" action for purposes of removal. It is a basic principle of federal jurisdiction that a federal district court may not review the judgment of a state court on an issue of state law on direct appeal. *See generally Martin v. Hunter's Lessee*, 14 U.S. 304 (1816); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rohe*, 988 F.3d at 1262 (explaining that the *Rooker-Feldman* doctrine "reflects the fact that federal courts other than the Supreme Court do not possess appellate jurisdiction over state-court judgments"). Removal to federal court may not occur after a state trial court has issued its judgment. As a result, the Florida appeal was not a "pending" action under section 1446(a) that could support removal.

Rohe erroneously argues that even if her removal was invalid, the state court had to stay its proceedings until a federal court expressly decided if the removal was effective. The governing statute instructs the state court to "effect the removal," which presumes that there is a valid removal to "effect." In this case, the state

appeals court correctly concluded that the removal was not valid because it postdated the state trial court's decision. So, a stay was not warranted and the later state proceedings are valid.

### B. The Doctrine of Res Judicata Bars Rohe's Claims.

Because the state court proceedings were valid, the final judgment entered by the state court is also entitled to preclusive effect. Res judicata bars the relitigation of a prior cause of action when the following four elements are satisfied: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *Id.* Under this framework, the foreclosure judgment entered by the state court against Rohe bars the claims that she raised in bankruptcy court.

The applicability of res judicata turns on the final element. It is indisputable that the Florida trial court litigation, which also involved Rohe and Wells Fargo, satisfies the first three elements of res judicata. To decide whether causes of action are the same, "a court must compare the substance of the actions, not their form . . . . [I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for

purposes of res judicata." *Id.* at 1297 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999)).

Rohe's federal claims arise out of the same nucleus of operative facts as the claims against her in state court. In both state and federal court, Rohe argued that Wells Fargo's proof of claim over the mortgage was invalid. In state court, Rohe argued that foreclosure was not proper because "Wells Fargo failed to provide sufficient evidence to" authenticate the assignment of the promissory note that secured the mortgage. Rohe also argued that Wells Fargo had committed fraud in attempting to authenticate the promissory note. The state trial court rejected both of Rohe's arguments. It found that the assignment was valid and that Wells Fargo cured any deficiencies in the promissory note. It also found that Wells Fargo did not commit fraud and "expressly rejected" Rohe's arguments to the contrary. The state court found that Wells Fargo was "entitled to a judgment of foreclosure."

In federal bankruptcy court, Rohe raised claims about the same facts. She objected to Wells Fargo's proof of claim on the basis that it failed to prove the transfer of the loan and had committed fraud in authenticating the note. One of Rohe's adversary complaints rehearsed the same arguments. These claims all arise out of the same nucleus of operative facts alleged in Florida state court. The claims also raise the same legal theories Rohe raised in state court to contest the validity of the mortgage. *See Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1377 (11th Cir. 2011) ("A new claim is barred by res judicata if it is based on a legal theory that was . . .

used in the prior action."). So, res judicata bars Rohe from relitigating these claims.

### C. The State Court Did Not Violate the Automatic Stay.

Rohe separately argues that the state appeals court violated the automatic stay that occurs when a bankruptcy petition is filed. Rohe argues that the state court's decision was void because the court did not have jurisdiction while the stay was in place. Her argument lacks merit.

When a bankruptcy action is filed, a stay of other relevant proceedings—including "any act to obtain possession of property of the estate"—goes into place. 11 U.S.C. § 362(a)(3). In this case, Rohe filed her bankruptcy petition on February 15, 2019, triggering the stay. A few months later, on July 3, 2019, the bankruptcy court granted Wells Fargo's motion to lift the stay. Rohe then filed a motion for reconsideration of the court's order. But, on August 19, 2019, the bankruptcy court dismissed her motion for reconsideration. Following that order, on August 21, 2019, the state appeals court affirmed the trial court.

The state court did not violate the automatic stay. It issued its substantive decision more than a month after the stay had been lifted. The state court took no actions of consequence during the gap. And the state court had jurisdiction to issue the order that has res judicata effect on these proceedings.

Rohe points to three orders that the state court issued during the time the stay was active and argues that they were void. But

those orders only denied a "[m]isc[ellaneous] motion," ordered a response, and denied an extension of time. They were not substantive. And Rohe was the party who sought the extension. The orders do not affect the state court's mandate, and withdrawing them would afford Rohe no relief.

Rohe also argues that the automatic stay existed until September 2, 2019, thus extending beyond the state court decision on August 21, 2019. Rohe correctly observes that the Federal Rules of Bankruptcy Procedure provide that a "stay does not expire until 14 days after the Order is entered, absent language in the Order to the contrary." (Citing FED. R. BANKR. P. 4001). But a motion for reconsideration does not toll the stay's fourteen-day expiration date. *See* FED. R. CIV. P. 60(c). Therefore, the stay expired on July 17—not September 2. As already noted, the state court took no actions of consequence during this time.

Finally, Rohe contends that she should be awarded damages, attorney's fees, or other costs because Wells Fargo filed motions in state court while the stay was in place. Federal law makes such awards possible only when "an individual [is] injured by any willful violation of a stay." 11 U.S.C. § 362(k)(1). And the record lacks evidence that Rohe was injured by any violation of the stay or that Wells Fargo's actions were willful.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Rohe's appeal.